*501 OPINION.
McMahon:
It is claimed by the petitioner that the respondent erred in failing to allow him a deduction from his gross income for the year 1925 on account of the surrender by him of shares of stock of the Hevi-Duty Electric Company to other stockholders. It is claimed by petitioner that he was compelled to surrender shares of stock without any consideration therefor to two other stockholders in order to retain the services as manager and officer of one of said stockholders in the company and to obtain the use of their stock as collateral for a loan to the company.
In his return for the year 1925 the petitioner claimed a deduction in the amount of $30,000, representing 1,141 shares at a valuation of about $30 per share. In his petition, petitioner claims a deduction in the amount of $37,733.33, representing 943½ shares at $40 per share.
The evidence discloses that the Hevi-Duty Electric Company, as it was first organized, had an authorized capital stock of 5,000 shares of the par value of $100 each, of which petitioner held 3,050 shares, Edwin L. Smalley 750 shares, and A. O. Eimer 390 shares. The company was reorganized in 1925 with a capital stock of 2,500 shares of Class A stock of the par value of $100 each and 2,500 shares of Class B stock of no par value. In the agreement between petitioner, *502 Smalley and. executors of the estate of A. O. Eimer, under date of August 5, 1925, under which agreement petitioner claims he was compelled to surrender the stock for which the deduction is claimed, Smalley and the estate of A. O. Eimer were to receive and did each receive 625 shares of Class A stock and 416½ shares of Class B stock. It will be noted from the schedule attached to letter of petitioner under date of August 14, 1925, that Class A stock was preferred as to dividends and in the distribution of assets upon dissolution of the company.
In his brief petitioner shows that the 943½ shares of stock which he claims in his brief were surrendered are the difference between 1,140 shares, the amount of stock Smalley and A. O. Eimer held in the old corporation, and 2,083½ shares, the amount which Smalley and the estate of A. O. Eimer received in the reorganized corporation. While there is no evidence as to the amount and/or class of stock of the newly organized company which the stockholders were to receive as a matter of right in lieu of the stock of the old company, we deem it reasonable to assume that each stockholder was entitled to receive as a matter of right the same percentage of Class A stock and Class B stock, after deducting 1,250 shares thereof which it was agreed should be transferred to the Milwaukee Light, Heat & Traction Company, as each held in the old company. However, we find that the parties did not receive each class of new stock in these proportions, and since there is ho evidence to show the relative value of the two classes of new stock, we can not determine the loss, if any, which petitioner sustained.
Furthermore, from the contract of August 5, 1925, it will be seen that the transfer of stock thereunder to Smalley and the estate of A. O. Eimer was, at least in part, in consideration of the release of petitioner from the terms of the contract of October 14, 1924, under which petitioner was required to transfer his 3,050 shares of stock to Smalley and A. O. Eimer at such time as his receipts in the form of dividends or other earnings from said stock should have reached the sum of $305,000. Thus, at least, an undisclosed portion of whatever stock petitioner surrendered to those stockholders was in the nature of a capital expenditure, being an additional cost to petitioner of the shares which he retained. The surrender of stock for this purpose does not give rise to a deductible loss. Since we are without evidence to determine how much of the stock, if any, petitioner was forced to surrender to Smalley and the estate of A. O. Eimer, without consideration, we could not fix the amount of loss which petitioner is entitled to deduct, if any, even if we knew the value of the total amount of stock petitioner surrendered. We must approve the determination of the respondent.

Judgment will be entered for the respondent.